## Cleveland, C. C. & St. L. R'y Co. v. S. Q. & E. C. Lamm.

1. RAILROAD COMPANIES—*Right to Create Demurrage Liens.*—A railroad company can not create in its own favor a demurrage on freight not removed from a car within a certain time by simply publishing to the public its intention of doing so.

2. SAME—*Presumptions From Acquiescence.*—Because a consignee has been, in particular instances, tardy in. removing freight, and has acquiesced in a rule of a railroad company requiring the payment of detention charges without protest, it can not be held that such acquiescence amounts to a contract to pay such charges in future cases, where there is an unreasonable insistence upon the application of a rule requiring it by the railroad company.

Trover. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

H. M. STEELY, attorney for appellant.

Railroad companies may adopt and enforce general rules which are, or ought to be, known to their customers, and may make a reasonable charge for the unreasonable detention of their cars, and hold the contents thereof subject to a lien for such charges. Ky. Wagon Mfg. Co. v. O. & M. R'y Co., 98 Ky. 152; 32 S. W. Rep. 595; 12 Lewis R'y Rep. 48; Miller v. Georgia R. R. & B. Co., 88 Ga. 563; 30 Am. St. Rep. 170; 18 L. R. A. 323; Miller v. Mansfield, 112 Mass. 260; N. &. W. R. R. Co. v. Adams, 90 Va. 393; 44 Am. St. Rep. 916; 22 L. R. A. 530; U. P. & D. C. R. R. Co. v. Cook (Col. 1892) and Notes, 22 L. R. A. 531; O. & M. R. R. Co. v. Bannon (Ky. 1892) Notes to 22 L. R. A. 531; M. L. S. &. W. Co. v. Lynch (Wis. 1892) Notes to 22 L. R. A. 532; Goff v. Old Colony R. R. Co. (R. I. 1893) Notes to 22 L. R. A. 532; Rothschild v. C. & N. W. R. R. Co. (Iowa 1887) R'y Com. Rep. 783, Notes to 22 L. R. A. 532; Davis v. M., K. & T. R. R. Co. (Kan. 1891) R'y Com.Rep. 21, Notes to 22 L. R. A. 532; Ky. Wagon Mfg. Co. v. L. & N. R. R. Co., 50 Am. and Eng. R. R. Cas. 90.

Railroad companies have a right to adopt rules for enforcing charges in the nature of demurrage for the

unreasonable detention and use of cars for the storage of unloaded freight by means of car service associations, and when such associations adopt and promulgate rules which are accepted by them, they become the rules of the several railroad companies and such organizations are not illegal. 4 Elliott on Railroads, Sec. 1568; Ky. Wagon Mfg. Co. v. C. & M. R'y Co., 98 Ky. 152; 32 S. W. Rep. 595; 12 Lewis R'y Rep. 48; Miller v. Mansfield, 112 Mass. 260; Miller v. Georgia R. R. & B. Co., 88 Ga. 563; 30 Am. St. Rep. 170; 18 L. R. A. 323; Beach, R'y Law, Sec. 924; U. P. & D. C. R. R. Co. v. Cook, 50 Am. and Eng. R. Cas. 90.

The reasonableness of such rules and regulations and the manner of their enforcement in a given case, has by some courts been held to be a question of fact for the jury. But the better authority seems to be that it must be a question of law for the court to decide, if any fixed and permanent regulations are to be established, since one jury in a given case might pronounce the rule reasonable, while another jury in another case might decide the same rule to be unreasonable. 1 Elliott on Railroads, Sec. 202; I. C. R. R. Co. v. Whittemore, 43 Ill. 420; Chicago, Etc., R. R. Co. v. McLallen, 84 Ill. 109; Maroney v. R. R. Co., 106 Mass. 153; Yorton v. R. R. Co., 54 Wis. 234; R. R. Co. v. Nuzum, 50 Ind. 141; Fertich v. Michener, 111 Ind. 472; R. R. Co. v. Rhoads, 25 Fla. 40; 23 Am. St. Rep. 506.

A railroad company has a right to terminate its liability as a common carrier by unloading and storing freight in its warehouse, thereby assuming the liability of a warehouseman, and have a lien for all storage charges. R. R. Co. v. Alexander, 20 Ill. 23; Richards v. R. R. Co., 20 Ill. 404; Porter v. R. R. Co., 20 Ill. 407; M. D. T. Co. v. Hallock, 64 Ill. 284; R. R. Co. v. Friend, 64 Ill. 303; Anchor Line v. Knowles, 66 Ill.

150; Rothschild v. R. R. Co., 69 Ill. 164; Cahn v. R. R. Co., 71 Ill. 96; M. D. T. Co. v. Moore, 88 Ill. 136; Scheu v. Benedict, 116 N. Y. 510; M., Etc., R. R. Co. v. Prewitt, 46 Ala. 63.

And the rule is the same where goods are allowed to remain in the car and the car is used by the consignee as a storage room or warehouse for his unloaded freight. Miller v. Mansfield, 112 Mass. 260; N. P. Co. v. B. & M. R. R. Co., 1 Gray, 263; Barker v. Brown, 138 Mass. 340; Miller v. Georgia R. R. & B. Co., 88 Ga. 563.

A charge by a railroad company against a consignee of $1 per car per day for every day that cars remain unloaded, after notice to the consignee of arrival, and lapse of two days in which to unload the same, is reasonable and valid. Such a charge is neither a transportation, terminal charge or subterfuge for adding to the cost of transportation in excess of the rate fixed by law. Miller v. Mansfield, 112 Mass. 260; Miller v. Georgia R. R. & B. Co., 88 Ga. 563; 30 Am. St. Rep. 170; 18 L. R. A. 323; N. & W. R. R. Co. v. Adams, 90 Va. 393; 44 Am. St. Rep. 916; 22 L. R. A. 530; U. P. R. R. Co. v. Cook, 50 Am. and Eng. R. Cas. 90; Ky. Wagon Mfg. Co. v. Louisville R. R. Co., 50 Am. and Eng. R. Cas. 90; Ky. Wagon Mfg. Co. v. O. & M. R'y, 98 Ky. 152; 32 S. W. Rep. 595; 12 Lewis R'y Rep. 48; Baumback v. Gulf, Etc., R'y Co., 4 Tex. Civ. App. 650; Crommelin v. N. Y., Etc., R'y Co., 1 Abb. Ct. App. Dec. 472; 4 Elliott on Railroads, Sec. 1567; Beach on Railway Law, Sec. 924; Jones on Liens, Sec. 284; 4 Lawson's R. R. & P., Secs. 1831, 1832, p. 3146; Wood's R'y Law, 1592, 1593 and 1600; 2 Waterman, Law Corp. 245, 246; 2 Am. and Eng. Ency. Law, 878–881; Redfield Law Railways (6 Ed.), 67–83; Barker v. Brown, 138 Mass. 340.

A railroad company may make reasonable rules and regulations for the convenient transaction of business

between itself and those dealing with it, either as passenger or as shippers. N. & W. R. R. Co. v. Wysor, 82 Va. 250; N. & W. R. R. Co. v. Irvine, 84 Va. 553; Hodges on Railways, 553; Redfield on Railways, Sec. 28.

When a person or carrier has a lien on goods, even although he may claim a lien for more than he is entitled to, yet his lien will not be defeated unless the owner or party desiring the possession of the goods makes a tender of either the amount due or what he deems a reasonable amount. Russell v. Koehler, 66 Ill. 459; Hoyt v. Sprague, 61 Barb. 497; B. & L. H. R'y Co. v. Gordon, 16 U. C. L. B. 283; Lowenberg v. Ark. & L. R'y Co., 19 S. W. Rep. 1051; Schouler on Bailments, Sec. 125.

The liens of carriers and warehousemen are specific liens. Such liens have always been favored by the courts. Jones on Liens, Sec. 16; Green v. Farmer, 4 Burr. 2214; Jacobs v. Latour, 5 Bing. 130; Wilson v. Guyton, 4 Gill. 213.

A warehouseman's lien is a common law lien, and is a specific lien for the charges due upon the particular goods that have been stored. Jones on Liens, Sec. 967; Steinman v. Wilkins, 7 W. & S. (Pa.) 466; Scott v. Jester, 13 Ark. 437; s. c., 42 Am. Dec. 254, and notes.

Parties who are in the habit of patronizing a certain railroad line, and of receiving bills of lading in use, or using the same in shipping, are presumed to be familiar with their conditions, and to assent to the terms thereof. M. D. T. Co. v. Moore, 88 Ill. 138; Anchor Line v. Knowles, 66 Ill. 150; Am. Ex. Co. v. Schier, 55 Ill. 140; Grace v. Adams, 100 Mass. 505; Scaif v. Tobin, 3 B. & Ad. 523.

A carrier's liability ends where that of the owner,

consignee or warehouseman begins.   R. R. Co. v. Warren, 16 Ill. 502.

While the ruling of the English courts has been that demurrage in maritime law exists only by express contract, yet in this country the courts have repeatedly declined to follow the ruling of the English common law courts on this subject, and have held that the shipowner has a lien upon the cargo for demurrage, notwithstanding the absence of any stipulation or contract therefor in the bill of lading.   5 Am. and Eng. Ency. of Law, p. 546; Porter on Bills of Lading, Sec. 356; Huntley v. Dows, 55 Barb. 310; Hawgood v. 1310 Tons of Coal, 21 Fed. Rep. 681; Young v. 140,000 Hard Brick, 78 Fed. Rep. 149; Whitehouse v. Halstead, 90 Ill. 95; Ward v. Bemis, 32 Conn. 268.

A contract or condition in a bill of lading issued to the consignor of freight, or notice to him of the rules and regulations of the company in relation to storage, car service or detention charges, is binding upon the consignee.   And this is true, whether the consignor at the time of shipment was the owner of the freight, or acting simply as the agent of the consignee.   Bank of Ky. v. Adams Ex. Co., 93 U. S. 174; Herr v. B. & P. R. R. Co., Supreme Court, District of Columbia, June 24, 1897; York v. Central R. R. Co., 3 Wall. 107; Nelson v. R. R. Co., 48 N. Y. 498; Shelton v. M. D. T. Co., 59 N. Y. 258; Squire v. R. R. Co., 98 Mass. 239; Barker v. Brown, 138 Mass. 340.

Where a defendant has lawfully a lien on goods for storage, although it may have delivered part of them without insisting upon it, as they constituted a single shipment, it has a right to retain the residue for the whole amount thereof, and the plaintiff can not maintain replevin for them.   Barker v. Brown, 138 Mass. 340; Lane v. O. C. & F. R. R. Co., 14 Gray, 143; N. H. & N. Co. v. Campbell, 128 Mass. 104; Steinman v.

Wilkins, 7 W. & S. (Pa.) 466; 42 Am. Dec. 254; Schmidt v. Blood, 9 Wend. 268; s. c., 24 Am. Dec. 143; McFarland v. Wheeler, 26 Wend. 467; Leuckhart v. Cooper, 2 Hodg. 150; Buxton v. Baughman, 6 Car. & P. 674; Scott v. Jester, 8 Eng. (Ark.) 437; Low v. Martin, 18 Ill. 286.

SALMANS & DRAPER, attorneys for appellees.

The question is not, should the carrier by rail have this lien? but has the carrier this lien?" This court is not asked to determine whether appellant should have, but whether it has a lien on freight, independent of contract or statute for car service. Under this head we cite: C. & N. W. R'y Co. v. Jenkins, 103 Ill. 588; 2 Redfield on Railroads, title "Demurrage," 191; Crommellin v. N. Y. & H. R. R. Co. 10 Bosw. 77; 4 Keys, 90; B. & M. R. R. Co. v. C. L. Co., 19 N. W. Rep. 451; Hutchinson on Carriers, Sec. 478.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

On the second of January, 1897, appellees were notified that a carload of lumber which had been shipped over appellant's road had arrived in the yards at Danville, Illinois, that the time for unloading the car would commence at 7 o'clock A. M. of January 4, and that unless appellees unloaded the car within forty-eight hours from that date a charge of $1 per day or fraction thereof would be made for detention of car and use of track beyond the time limited.

Appellees paid the freight and within a few minutes after 7 o'clock on the morning of the fourth began to remove the lumber. They continued to have the same removed during that and the day following. They were also engaged in having lumber removed from

two other cars, one of which was upon appellant's road. For that reason, and also because of the bad condition of the ground for thirty or forty feet between the car and the macadamized road over which the teamster was forced to go, they claim they were not able to remove all the lumber within the forty-eight hours. Between 9 and 10 o'clock A. M., January 6, a bill for $1 for the use of the car for that day was presented. At that time all the lumber but one thousand, seven hundred and sixty feet had been removed. Appellees refused to pay the bill. When their teamster returned for the rest of the lumber a few minutes afterward he found the car locked against him. Appellant, claiming a lien upon the lumber for the $1 charged, refused to allow appellee to take it away. This suit in trover for conversion followed, resulting in a judgment for appellees for $35.

It is clear that the judgment must stand unless appellant at the time the car was locked had a lien for the detention charge of $1. Such lien could arise only by virtue of statute or contract of the parties. Chicago & North Western R'y Co. v. Jenkins, 103 Ill. 588. It is not contended that the statute gave the lien. Nor was there an express contract between the parties for it. It is insisted, however, that as appellant had adopted rules for demurrage charges, which were known to appellee, and because they had paid a like charge in 1890 and had not protested against them since that time, there was such acquiescence as would amount to a contract for a lien.

Railroad companies can not create in their favor a demurrage lien on freight not removed from a car within a short time by simply publishing to the public their intention of doing so. They may attempt it, and shippers and consignees may be compelled to use their roads for the transportation of freight with full knowledge of the publication. Detention charges may be

paid a few times by a consignee who may feel that he has been somewhat tardy in removing freight in those particular instances. But for all that, it could not be rightfully held that there was such acquiescence in a rule for demurrage charge as would amount to a contract for it in a future case where the consignee felt that there was an unreasonable insistence of its application. That is about the case that is presented to us by this record. The charge was made under a rule of appellant, of which appellees had notice; appellees paid a like charge in 1890 and had used appellant's road for the transportation of freight ever since; there was no unnecessary delay on their part in removing the lumber from the car in question; the delay seems to have been caused by the muddy condition of the railroad yard in which the car was standing, in which not more than half a wagon load could be hauled at one time; the time limited by the notice was, under the circumstances, short; at the time the demurrage bill was presented and the car locked, but one wagon load remained and the teamster was about to remove that. We unhesitatingly say that the action of appellant was, under the circumstances, hasty and unreasonable.

Neither the amount of the judgment nor the question of law involved in the controversy will justify a discussion in detail of the numerous points of contention raised by appellant. We feel that the law of the case was settled in the case of C. & N. W. R'y Co. v. Jenkins; 103 Ill. 588. As to the disputed questions of fact and the rulings of court upon the admissions of evidence and instructions it is only necessary to say that substantial justice has been done and that the judgment should be affirmed. Judgment affirmed.